UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CV-61863-MARRA

HENRI HAGE,

    Appellant,

vs.

SONYA SALKIN,
TRUSTEE IN BANKRUPTCY
FOR MAXKO PETROLEUM,
LLC,

    Appellee,
_____/

## OPINION AND ORDER

Appellant Henri Hage ("Appellant") filed this bankruptcy appeal challenging the order by Hon. John K. Olson, in Bankruptcy Case No. 08–14652-BKC-JKO, granting Sonya L. Salkin's, Chapter 7 Trustee, ("Appellee") Motion to Compel Turnover. The parties have fully briefed the issues. For the reasons that follow, the Court shall affirm in part and remand in part.

**Jurisdiction**

District courts have jurisdiction to review appeals from final bankruptcy court judgments, orders and decrees. 28 U.S.C. § 158(a). Pursuant to the Federal Rules of Bankruptcy Procedure, an appeal of right may be taken as permitted by 28 U.S.C. § 158(a)(1) or (a)(2). *See* Fed. R. Bankr. P. 8001(a).

**Standard of Review**

Bankruptcy Courts are governed by the Federal Rules of Bankruptcy Procedure. Federal Rule of Bankruptcy Procedure 8013 states that a district court shall review the factual findings of a bankruptcy court for clear error. Fed. R. Bankr. P. 8013. The District Court reviews *de novo*

the conclusions of law of the bankruptcy court and application of the law to the particular facts of the case.  *See In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993).

**Facts Below**

Appellee is the appointed trustee in the Bankruptcy Case of Maxko Petroleum, LLC.  The Bankruptcy Court entered final judgment against Appellant and in favor of Appellee.  Appellant was found to be liable to Appellee the amount of $1,307,914.20 plus interest.

On August 25, 2010, Appellee filed a Motion to Compel Turnover of Judgment Debtor's Member Interests in LLC's and Original Stock Certificates in Corporations. Appellant filed his response on August 26, 2010.  An evidentiary hearing was scheduled for November 9, 2010.  The Bankruptcy Court granted Appellant's first motion for a continuance and re-scheduled the hearing for December 6, 2010.  The Bankruptcy Court also granted Appellant's second motion for a continuance and re-scheduled the evidentiary hearing for December 22, 2010.  The parties then filed an agreed order granting a motion to continue the hearing, and the hearing was re-scheduled for February 1, 2011.  On January 27, 2011, Appellant simultaneously filed his fourth motion to continue the hearing and an emergency motion to expedite a hearing on this fourth motion to continue.  The Bankruptcy Court held an expedited hearing and ultimately denied the fourth motion to continue.

An evidentiary hearing on Appellee's motion to compel turnover was conducted on February 1, 2011.  The purpose of the hearing was to determine if Appellant should be required to turn over his membership interests in two limited liability companies, Hammondville Shoppes, LLC, and Atlantic Center III, LLC, (collectively, "the LLCs") and his original stock certificates in four corporations, Struc-Tech Engineering, Inc., Struc-Tech Construction Co., Imnex

International Corporation, and H & S Development Group, Inc. (collectively, "the corporations"). Appellant failed to appear at the hearing. The Bankruptcy Court issued an order on June 17, 2011, granting Plaintiff's Motion to Compel Turnover. *See* Order Granting Plaintiff's Motion to Compel Turnover.

The Bankruptcy Court noted that the issues in dispute were whether Appellant jointly owned Atlantic Center III, LLC ("Atlantic"), with his brother and whether his interests in the corporations and the LLCs were held in tenancy by the entirety with his wife, Martha Hage. *Id*. at 2. The Bankruptcy Court determined that Appellant had failed to show that his brother had any ownership interest in Atlantic or that Atlantic was anything but a single member LLC with Appellant as the sole member. *Id.* at 3. Next the Bankruptcy Court explained that, regardless of Florida's strong presumption of tenancy by the entirety ownership, the evidence did not support Appellant's argument that he owned the LLCs and corporations with his wife as tenants by the entirety. *Id.* In making this determination, the Bankruptcy Court considered Appellant's own deposition testimony, filings with the Florida Secretary of State, tax returns, and K-1s. *Id.* at 3-4. The Bankruptcy Court then, relying upon *Olmstead v. FTC*, 44 So. 3d 76 (Fla. 2010), required Appellant to turn over his interests in the two single-member LLCs. *Id.* at 5. The Bankruptcy Court also cited Florida Statutes §§ 56.061 and 76.02 and ordered that, "[s]ince the corporate stock is individually owned, the Trustee can require Mr. Hage to turn over his original stock certificates in Struc-Tech Engineering, Struc-Tech Construction, Imnex, and H&S Development." *Id.*

## Discussion

Appellant argues that the Bankruptcy Court violated his due process rights by proceeding

with the evidentiary hearing without him and his wife being present. (DE 7). He explains that he and his wife were "unable to testify as to their intent to hold the interests in the Corporations and LLCs as tenants by the entirety and to present evidence of prior manifestation of such intent." *Id.* Next Appellant contends that the Bankruptcy Court improperly required him to turn over his stock in the corporations since Florida law provides for levy and execution, not turnover. *Id.* With regard to the LLCs, Appellant asserts that, under Florida law, a creditor's sole remedy for collection of judgment against a member's interest in a multi-member LLC is a charging order. *Id.* Appellant additionally contends that, if this Court determines that the LLCs are single-member entities, Florida Statute § 608.433 requires a further evidentiary hearing so that Appellee can make a showing that distributions under the charging order will not satisfy the judgment within a reasonable time. *Id.*

Appellee argues in the answer brief that Appellant's due process rights were not violated because Appellant and his wife could have attended the evidentiary hearing, and Appellant's attorney was still allowed to introduce evidence at the hearing. (DE 12). Appellee next argues that, even if Florida Statute § 56.061 does not specifically reference the word "turnover," Appellee is entitled to execute upon Appellant's assets. *Id.* Appellee further asserts that "to the extent that levy and sale is a more appropriate remedy than turnover" Appellant should be required, "either by this Court or upon remand, to turn over his stock certificates for levy and sale under execution, which is in accord with the bankruptcy court's clear intent that such stock certificates be utilized toward satisfaction of the Final Judgment." *Id.* Appellee acknowledges that the amended version of Florida Statute § 608.433 probably should have been considered by the Bankruptcy Court, but asserts that the exception set forth in subsection (6) is applicable. *Id.*

Appellee also contends that, while the Florida statute does not specifically allow for turnover, a foreclosure sale of Appellant's member interest in the LLCs would still be an appropriate remedy upon remand. *Id.*

With regard to Appellant's due process argument, the Court finds that the Bankruptcy Court's decision to deny Appellant's fourth motion to continue was a legitimate and reasonable exercise of its discretion. The Bankruptcy Court had already allowed three continuances, and Appellant and his wife had sufficient notice of the date and time of the evidentiary hearing to appear despite the denial of the fourth continuance. Additionally, Appellant's attorney was present at the evidentiary hearing, and the Bankruptcy Court allowed Appellant's deposition testimony to be presented as evidence. Therefore, the Bankruptcy Court's order is affirmed on the question of whether the Bankruptcy Court erred in denying Appellant's fourth request for a continuance and Appellant's denial of due process claim.

Next, the Court finds that the Bankruptcy Court's factual determination that Appellant is the sole member of the two LLCs was not erroneous. *See* Order Granting Plaintiff's Motion to Compel Turnover at 2-4. In reaching that conclusion, the Bankruptcy Court considered the articles of organization filed with the Florida Secretary of State, tax returns and K-1s, the Secretary of State's listing of Appellant as the sole member of the LLCs for the years 2008-2011, the fact that Appellant's brother and wife are not mentioned in any of the filings, and the fact that Appellant "confirmed in deposition that the only transfers of any real or personal property to a spouse or other relative within the past three years were 2010 automobile transfers which changed titles from his name to those of his wife and children." *Id.* Because the Bankruptcy Court's finding that Appellant is the sole member of the LLCs is not clearly erroneous, the next

issue for resolution is whether the Bankruptcy Court properly required Appellant to turn over his interest in the LLCs to Appellee.

A new version of Florida Statute § 608.433 came into effect on May 31, 2011–after the evidentiary hearing and before the order at issue was entered. The Legislature intended for the amendment to § 608.433 to be "clarifying and remedial and nature and shall apply retroactively." Laws 2011, c. 2011-77, § 2. Therefore, the changes to the Florida statute are applicable to the facts of this case. Florida Statute § 608.433(6) states,

> In the case of a limited liability company having only one member, if a judgment creditor of a member or member's assignee establishes to the satisfaction of a court of competent jurisdiction that distributions under a charging order will not satisfy the judgment within a reasonable time, a charging order is not the sole and exclusive remedy by which the judgment creditor may satisfy the judgment against a judgment debtor who is the sole member of a limited liability company or the assignee of the sole member, and upon such showing, the court may order the sale of that interest in the limited liability company pursuant to a foreclosure sale. A judgment creditor may make a showing to the court that distributions under a charging order will not satisfy the judgment within a reasonable time at any time after the entry of the judgment and may do so at the same time that the judgment creditor applies for the entry of a charging order.

§ 608.433(6), Fla. Stat. In order for a court to order the sale of a judgment debtor's interest in a limited liability company when the judgment debtor is the sole member of that limited liability company, the judgment creditor must first establish that distributions under a charging order will not satisfy the judgment within a reasonable time. As the Bankruptcy Court has not heard argument on this issue, this Court remands the case because the Bankruptcy Court needs to make additional findings under the new law in order to require a foreclosure sale rather than a charging order.

Finally, Appellant argues that Florida law provides for levy and execution instead of

turnover.  Florida Statute §56.061 provides in relevant part, "[l]ands and tenements, goods and chattels, equities of redemption and real and personal property, and stock in corporations, shall be subject to levy and sale under execution."  §56.061, Fla. Stat.  Furthermore, Florida Statute §76.02 provides that "[s]hares of stock in any corporation incorporated by the laws of this state are subject to attachment under the circumstances herein provided and in the manner provided prescribed for levy of execution thereon."  §76.02, Fla. Stat.  To the extent that the Bankruptcy Court granted "turnover" instead of ordering "levy and execution" of the corporate stock certificates, the case is remanded for the Bankruptcy Court to grant the appropriate legal relief.

In light of the foregoing, it is hereby

ORDERED AND ADJUDGED that the Bankruptcy Court's Order Granting Plaintiff's Motion to Compel Turnover is AFFIRMED IN PART.  The Bankruptcy Court's Order is affirmed to the extent that the Bankruptcy Court did not err in proceeding with the evidentiary hearing despite the absence of Appellant and his wife.  With regard to the third issue on appeal, whether the Bankruptcy Court erred in ordering the turnover of the LLC membership interests, the case is remanded to the Bankruptcy Court so that it can hold a hearing and make additional findings as required by Florida Statute § 608.433(6).  With regard to the second issue on appeal, whether the Bankruptcy Court erred in ordering the turnover of the corporate stock certificates, the case is remanded to the Bankruptcy Court to grant the appropriate legal relief.  This case is

CLOSED.  All pending motions are DENIED as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of March, 2012.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record